FILED
2006 NOV 29  AM 9:00
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHRYN ROJAS, a minor by and through her guardian ad litem, YRINA ROJAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Civil no.  05cv0937-JM (RBB)<br><br>**ORDER APPROVING THE MINOR'S COMPROMISE**<br>**(Fed. R. Evid. 408)**<br><br>Hearing Date<br>Date:  November 16, 2006<br>Time:  10:00 a.m.<br>Ctrm:  B<br>**Honorable Ruben B. Brooks** |

　　　On the 16th day of November, 2006, the above-referenced matter came on for hearing by the Court as to the reasonableness of a settlement between the United States of America and Cathryn Rojas, a minor.  The minor Plaintiff and Plaintiff's mother and Guardian ad Litem, Yrina Rojas, appeared through counsel of record, Bronislav Draganov.  Defendant United States of America appeared through its counsel, Assistant United States Attorney Thomas Reeve.  The Court had several questions which have since been answered through written submissions and telephonic conference with counsel for the parties.

　　　The complete and precise terms and conditions of the settlement are set forth in the *Stipulation for Compromise Settlement And Release Of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677* (hereinafter "Stipulation") and the *Irrevocable Reversionary*

1 | *Inter Vivos Grantor Medical Care Trust for The Benefit of Cathryn Rojas* (hereinafter
2 | "Reversionary Trust"), both of which have been submitted to the Court.
3 |    The Court has reviewed the Stipulation and Reversionary Trust, discussed the matter
4 | with counsel and heard arguments in favor of this settlement.  The Court is fully informed of
5 | the specifics of the full and final terms and conditions of the settlement.  The Court finds that
6 | this settlement is fair, reasonable, and in the best interest of Cathryn Rojas, the minor plaintiff.
7 | The Court understands that this settlement is contingent upon the satisfaction of the terms set
8 | forth in the Stipulation and Reversionary Trust, including the necessity of the approval of the
9 | settlement terms by the Attorney General of the United States.
10 |    The Court is advised by Plaintiff's counsel there are no potential or known lien claims
11 | from any government entity.  In reliance upon this representation, the Court does not require
12 | a showing of waiver or satisfaction.  The Court notes that the Stipulation, at page 13, requires
13 | a Declaration, under oath or penalty of perjury, to this effect be forthwith provided to
14 | Government Counsel.
15 |    The Court is also advised by counsel that the Plaintiff does not intend to create a
16 | special needs trust and, therefore, notice of the minor's compromise to State agencies is not
17 | required.
18 |    The Court, having been advised the Reversionary Trust was the subject of negotiation
19 | between the parties, is in a form and of a substance that is consistent with and in national use
20 | by the Department of Justice in all 50 States, that the terms have been reviewed and accepted
21 | by the Trustee (Wells Fargo Bank), and that the terms have been reviewed and accepted by
22 | Plaintiff's counsel, the Court is satisfied with the trust document in this matter.
23 |    The Court has also considered the declarations, supplemental declarations, exhibits,
24 | petition, amended petition, and the representations, and arguments of counsel.  Based upon
25 | all of the above and good cause appearing, the Court approves the proposed settlement of
26 | the minor's claims and finds and rules as follows.
27
28

IT IS ORDERED, ADJUDGED, AND DECREED, as follows.

1. The settlement, as set forth in the Stipulation and Reversionary Trust, is hereby approved in accordance with Civil Local Rule 17.1. Wells Fargo Bank, N.A., is appointed trustee of the Reversionary Trust and the compensation of the Trustee, as mentioned in Article XIII of the Reversionary Trust is approved in the amount of $6,750 per year, or until further order of a court with competent jurisdiction. It is further Ordered that Yrina Rojas, as the parent of and Guardian ad Litem of the minor, Cathryn Rojas, and Bruce G. Fagel, as the attorney for the minor and the Guardian ad Litem, are authorized and required to sign the Stipulation and Reversionary Trust, as well as any other documents that are necessary or appropriate to consummate this settlement. They are also directed to provide any information or documentation necessary to complete the purchase of the annuity contract and the establishment of the Reversionary Trust, on behalf of Cathryn Rojas, a minor. A copy of the executed trust document shall be filed under seal prior to any distribution to the trust.

2. The settlement amount of $5,908,150.00 shall be distributed according to the terms and conditions of the Stipulation.

3. It is further ordered that costs of $60,000, which represent both actual costs and funds held in reserve to pay remaining costs shall be reduced by the sum of $500.00 and that a final accounting shall be provided the Court within 60 days. Any remainder funds are to be provided to the minor Plaintiff through deposit into a blocked account held by the Court. The amount of $59,500, may be paid by the Guardian Ad Litem.

4. It is further ordered that attorneys fees of $925,385.00 represent a negotiated sum of approximately 16% of the settlement amount. Same amount is less than the statutory maximum of 25%, and is considered fair, reasonable, and necessary[1]. This amount may be paid by the Guardian Ad Litem.

5. The Court holds that Plaintiff is legally responsible for any and all liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by

---

[1] The firm will retain $9,000.00 to satisfy any additional expenses which have not been yet billed and upon satisfaction of all outstanding costs and expenses, the balance will be paid to the Reversionary Trust.

Medicaid or healthcare providers. The Court hereby Orders Plaintiff, by and through her attorneys, to satisfy or resolve any and all such liens or claims for payment or reimbursement as may be asserted by any individual or entity. The Court further Orders that Plaintiff and her attorneys shall provide to the United States the information required by the Stipulation regarding the satisfaction, resolution, or non-existence of such liens or claims for payment or reimbursement within the time specified in said Stipulation.

6. The Court further Orders that Eleven Thousand, Nine Hundred, Seventy Six Dollars ($11,976.00) be released to Yrina Rojas to use to pay the premiums for 18 months of Tri-Care Continued Health Care Benefit Program, for the benefit of the minor, Cathryn Rojas.

7. The Court further Orders that Plaintiff's attorney shall not distribute to Plaintiff any of the amount payable to her pursuant to Stipulation unless and until such liens or claims for payment or reimbursement have been satisfied or resolved.

8. The Court further Orders that an accounting of the initial distribution shall be provided to the Court within 60 days after the distribution.

9. The Court further Orders that all cash sums for the minor, Cathryn Rojas, not otherwise approved and directed for payment by this Court, shall be deposited into the Court's account through the Clerk of the Court. This shall be a "blocked account," accessible only by Court Order. These funds are estimated to be not less than $470,000. Upon further application to the Court, these funds may be released for payment of such expenses as past loans for the minor's benefit, past expenses, and past home accomodative modification costs, upon provision of satisfactory explanation, justification, and accounting.

10. The Court further Orders that Plaintiff's guardian, administrator or trustee and Plaintiff's counsel may petition the Court to approve further releases of funds as appropriate, by providing satisfactory explanation, justification, and accounting.

11. The Guardian ad Litem and Plaintiff's counsel are directed to establish an appropriate fiduciary arrangement under Texas or other applicable law for the prudent preservation, control and administration of the minor's funds. Upon a showing of the establishment of such fiduciary arrangement, the Court will entertain a request to release the funds to the duly

appointed fiduciary, guardian, administrator, or trustee for the benefit of Cathryn Rojas. The Guardian ad Litem, guardian, administrator, trustee and Plaintiff's counsel are advised that in no event should these funds remain in the Court's account more than one year.

12. That Plaintiff, upon final execution of the Stipulation and Reversionary Trust and after the payment of the settlement amount by the United States, shall immediately cause to be filed with the Court a dismissal of this action with prejudice, with each party bearing its own costs, expenses and fees.

13. The Court shall retain limited continuing jurisdiction, even after entry of the dismissal with prejudice, as to all matters related to the administration of all funds to be placed into the Court's account for the benefit of the minor Plaintiff. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673 (1994).

14. Within one year of the establishment of the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust for the Benefit of Cathryn Rojas, the Trust's first accounting shall be made to the appropriate court in the jurisdiction where the minor and her guardian reside.

15. The Court makes no specific finding or order with respect to whether the "Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust for the Benefit of Cathryn Rojas" satisfies or complies with applicable laws or regulations of the State of Texas, where the minor resides, or federal laws or regulations.

IT IS SO ORDERED.

DATED: Nov. 28, 2006

RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM AND CONTENT:


CAROL C. LAM
United States Attorney



_____
THOMAS B. REEVE, Jr.
Assistant U.S. Attorney
Attorneys for Defendant,
United States of America


GUARDIAN AD LITEM


_____
YRINA ROJAS
Guardian Ad Litem for
Cathryn Rojas, a minor


LAW OFFICES OF BRUCE G. FAGEL & ASSOCIATES

*telephonic authority 11/20/2006 to TBReeve to submit this proposed Order to the Court.*
_____
BRUCE G. FAGEL
Law Offices of Bruce G. Fagel and Associates
Attorneys for Plaintiff, Cathryn Rojas, a minor